UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON JOHNSON,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )    No. 17 C 8878
                                          )
LOUIS DeJOY, Postmaster General, United  )    Chief Judge Pallmeyer
States Postal Service,                    )
                                          )
                    Defendant.            )

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R.

Civ. P. ("Rule") 16, and

> Chiquita Hall-Jackson
> Masood Ali
> Hall-Jackson and Associates, P.C.,
> 180 West Washington Street, Suite 820
> Chicago, IL 60602
> (312) 255-7105

having appeared as counsel for plaintiff and

> Kurt N. Lindland
> Valerie R. Raedy
> Assistant United States Attorneys
> 219 South Dearborn Street
> Chicago, Illinois 60604
> (312) 353-4163

having appeared as counsel for defendant, the following actions were taken:

(1) This is an action for alleged employment discrimination, and the jurisdiction of the

court is invoked under the Rehabilitation Act of 1973 of 1973, 29 U.S.C. § 701 *et seq*. Jurisdiction

is not disputed.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order:

a.  Agreed Description of the Case

This is an employment discrimination case.  Plaintiff is Sharon Johnson, currently employed as a sales service and distribution clerk at the U.S. Postal Service.  Defendant is Louis DeJoy, the Postmaster General of the U.S. Postal Service.  Plaintiff alleges that the Postal Service discriminated against her based on her disability by not providing a reasonable accommodation and treating her unfairly based on her disability, and by subjecting her to a hostile work environment. The Postal Service denies that she is disabled and denies that it failed to reasonably accommodate her alleged disability, or treated her unfairly because of her alleged disability, and denies that it subjected her to a hostile work environment.

Plaintiff is represented by attorneys Chiquita Hall-Jackson and Masood Ali.  The Postal Service is represented by Assistant United States Attorneys Kurt Lindland and Valerie Raedy.

b. Stipulations

1.      The parties stipulate to an order excluding non-party witnesses during the trial testimony.

2.      The parties stipulate that no evidence will be presented to the jury about the administrative decision denying plaintiff's claim, and the district court decision on summary judgment.

3.      Argumentative exhibit titles will not go to the jury.

c.  Exhibit Lists

Exhibit lists and any objections thereto are attached at tabs A (Joint Exhibits); B (Plaintiff's Exhibits) and C (Defendant's Exhibits), along with a statement of any objections.

d. Witness Lists

Lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list. (Tab D – Plaintiff's witnesses; Tab E – Defendant's witnesses.)

e. N/A

f. N/A

g. Itemization of Damages

1. Plaintiff seeks lost wages and benefits in the amount of $30,000.

(Lost wages from suffering anxiety attack on May 15, 2013 – September 29, 2013, minus the days Plaintiff reported back to work from September 4, 2013 – September 9, 2013, plus additional overtime opportunities missed throughout this time.)

Defendant objects to the jury deciding any issue or amount of back pay because back pay "remains a form of equitable relief under Title VII (and the ADA), and that it is for a judge, not a jury, to decide." *Taylor v. Gilbert & Bennett*, No. 95 C 7228, 1997 WL 30948, at *4 (N.D. Ill. Jan. 15, 1997); *Snider v. Consolidation Coal Co.*, 973 F.2d 555, 561 (7th Cir. 1992).

2. Plaintiff seeks compensatory damages in the amount of $306,030.

(Mental and Emotional pain and suffering for disability discrimination ($300,000.00), and out-of-pocket costs incurred for medical bills, co-pays, mortgage repayment as a result of being off of work, pawn shop sales as a result of being off of work.

3. Plaintiff seeks attorney's fees and costs in the amount of $114,398, which will increase after trial.

h. (i) N/A

(ii) Jury Instructions

3

Jury Instructions and any objections thereto are attached at tabs F (Joint Jury Instructions);

G (Plaintiff's Jury Instructions), and H (Defendant's Jury Instructions).

    (iii) Voir Dire

Proposed voir dire are attached at tab I, including any objections thereto.

    i. Each party has completed discovery. Absent good cause shown, no further discovery

shall be permitted.

    j. Summary of motions *in limine*.

    Plaintiff anticipates the following motions *in limine*:

1.   Motion in *limine* barring any reference to settlement demands, offers, and any settlement discussions;

2. Motion in *limine* barring witnesses from being present during trial until their testimony is completed;

3. Motion in *limine* barring any document not produced during the course of discovery.

4. Motion *in limine* barring evidence of Sales & Services job descriptions that were not produced during the discovery process.

5. Motion *in limine* barring the introduction of non-authenticated emails and/or correspondences.

6. Motion *in limine* barring any hearsay about threats made by Johnson to any employee of the USPS.

7. Motion *in limine* barring any lay persons opinions and/or testimony of the alleged threat of bodily harm to any supervisor of Johnson.

Defendant anticipates the following motions in limine:

(1)    Bar any evidence or testimony that Plaintiff's request for a transfer was a request for a reasonable accommodation.

(2)    Bar any evidence or argument regarding Plaintiff's FECA/OWCP claim.

(3)    Bar any hearsay testimony.

(4)    Bar any argument that the Plaintiff's request to be transferred was denied and limit her argument to claiming it was unreasonably delayed.

(5)    Bar any evidence or argument related to settlement discussions including arbitration agreements reached between the Postal Service and the union regarding Plaintiff's claims.

(6)    Testimony from Plaintiff's healthcare providers should be limited to their treatment because they were not disclosed as opinion or expert witnesses.

(7)    Bar any evidence or testimony regarding dismissed counts or the court's decision on summary judgment.

(8)    Bar any medical evidence or testimony that predated Plaintiff's claim of discrimination in 2013.

(9)    Bar the jury from deciding any issue related to back pay including amount or extent of allowed damages.

k. N/A

l. N/A

m. N/A

(3) Trial of this case is expected to take 5 trial days.

(4) This is a jury trial.

(5)  The parties recommend that 12 jurors be selected at the commencement of trial.

(6)  The parties agree that the issues of liability and damages should not be bifurcated.

(7)  The parties do not consent to this case being reassigned to a magistrate judge for trial.

(8)   This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(9)  Possibility of settlement of this case was considered by the parties.

For plaintiff,

SHARON JOHNSON, Plaintiff

s/ Chiquita Hall-Jackson
CHIQUITA HALL-JACKSON
Hall-Jackson and Associates, P.C.,
180 West Washington Street
Suite 820, Chicago, Illinois 60602
(312) 255-7105
chj@hall-
jacksonandassociates.com

For defendant:

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163
    kurt.lindland@usdoj.gov

ENTER:

_____
REBECCA R. PALLMEYER, CHIEF JUDGE

Dated: _____

## WITNESS AND EXHIBIT LISTS

A.   Joint Exhibits

B.   Plaintiff's Exhibits

C.   Defendant's Exhibits

D.   Plaintiff's Witnesses

E.   Defendant's Witnesses

F.   Joint Jury Instructions

G.   Plaintiff's Jury Instructions

H.   Defendant's Jury Instructions

I.   Voir Dire

**Tab A**

## JOINT EXHIBITS

| | |
|---|---|
| JX001 | United States Postal Inspection Service Memorandum, dated October 9, 2013, PL000278-PL000311 |
| JX002 | Plaintiff's EEO Complaint of Discrimination, dated January 16, 2014, PL000035 |
| JX003 | Dr. Gandhi Note, August 29, 2013, PL000054 |

Tab B

## PLAINTIFF'S EXHIBITS

| No. Exhibit | Description | Stipulate to Authenticity | Defendant's Objection | Plaintiff's response |
|---|---|---|---|---|
| 1. PL000003-PL000034 | Plaintiff's EEO Investigation Report Dated 1.17.2014 | | Objection: Hearsay, FRE 801; not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(6)- records regularly conducted; FRE 803 (15) Statements in Documents That Affect An Interest in Property; FRE 803(5) Recorded Recollection; It is relevant to the claims in this matter; The probative value is not outweighed by danger of confusion.** |
| 2. PL000035 | Plaintiff's EEO Complaint of Discrimination Dated 1.16.2014 | | Same as joint exhibit. | |
| 3. PL000037-PL000078 | EEO Dispute Resolution Specialist's (DRS) Inquiry Report Dated 1.4.2014 | | Objection: Hearsay, FRE 801; not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403; evidence of compromise offers and negotiation, FRE 408. | **FRE 803(6)- records regularly conducted; FRE 803 (15) Statements in Documents That Affect An Interest in Property; It is relevant to the claims in this matter; The probative value danger of confusion; the document is not submitted as** |

10

| | | | | |
|---|---|---|---|---|
| | | | | **evidence of prior offers and negotiations.** |
| 4. PL000086-220 | EEO Investigative Affidavit (Complaint) Dated 3.8.2014 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803 (1) Present Sense Impression; FRE 803(6)-records regularly conducted; FRE 803(5) Recorded Recollection; It is relevant to the claims in this matter; The probative value is not outweighed by danger of confusion. FRE 901(1) testimony pf witness with knowledge.** |
| 5. PL000221-PL000230 | EEO Investigative Affidavit (Witness) Rondell Saddler Dated 4.12.2014 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(6)-records regularly conducted; FRE 803(5) Recorded Recollection;FRE It is relevant to the claims in this matter; The probative value is not outweighed by danger of confusion. FRE 901 (1) testimony of witness with knowledge** |
| 6. PL000231-PL000240 | EEO Investigative Affidavit (Witness) Deundra Campbell Dated 3.31.2014 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403; not authentic, FRE 901. | **FRE 803(6)-records regularly conducted; FRE 803(5) Recorded Recollection; It is relevant to the claims in this matter; The** |

| | | | | |
|---|---|---|---|---|
| | | | | **probative value is not outweighed by danger of confusion. FRE 901(1) testimony of a witness with knowledge** |
| 7. PL000241-PL000 | EEO Investigative Affidavit (Witness) Janice Hall Dated 4.10.2014 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403; not authentic, FRE 901. | **FRE 803(6)-records regularly conducted; FRE 803(5) Recorded Recollection; It is relevant to the claims in this matter; The probative value is not outweighed by danger of confusion. FRE 901(1) testimony of a witness with knowledge** |
| 8. PL000254-PL000259 | EEO Investigative Affidavit (Witness) Gladys M. Jolla Dated 4.2.2014 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403; not authentic, FRE 901. | **FRE 803(6)-records regularly conducted; FRE 803(5) Recorded Recollection; It is relevant to the claims in this matter; The probative value is not outweighed by danger of confusion. FRE 901(1) testimony of a witness with knowledge** |
| 9. PL000260-PL000265 | EEO Investigative Affidavit (Witness) Kenneth David Brown Dated 4.2.2014 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403 not authentic, FRE 901. | **FRE 803(6)-records regularly conducted; FRE 803(5) Recorded Recollection; It is relevant to the claims in this** |

| | | | | |
|---|---|---|---|---|
| | | | | matter; The probative value is not outweighed by danger of confusion. FRE 901(1) testimony of a witness of knowledge |
| 10. PL000271-PL000272 | Sales and Services Position Description Dated 8.15.2005 | | | |
| 11. PL000278-PL000311 | U.S. Postal Service Investigative Memorandum Dated 10.9.2013 | | Same as joint exhibit. | |
| 12. PL000321-PL000354 | USPS Administrative Support Manual Dated July 1999 | | Objection: Not relevant, FRE 401, not authentic, FRE 901 | It is relevant to the claims in this matter; FRE 901(1) testimony of a witness with knowledge |
| 13. PL000355- | APWU Collective Bargaining Agreement Dated 11.21.2010-5.20.2015 | | Objection: Not authentic, FRE 901; and lacks completeness, FRE 106. Defendant will provide a better copy. To cure completeness, defendant will provide the accompanying Memorandum of Understanding between the Postal Service and the APWU. | Defendant has a better version under Rog #8 Plaintiff agrees to Defendant's version to cure completeness. In the event the defendant still challenges authentic then the Plaintiff plans to cure via FRE 901(1) testimony of a witness with knowledge. |
| 14. PL000383-PL000407 | Introduction to Reasonable Accommodation | | Not relevant, FRE 401; any probative value is outweighed by danger of confusion under | The exhibit is relevant to the claims in this matter and the |

| | | | FRE 403; not authentic, FRE 901. | **defendant's reasonable accommodation process at the time in questions; FRE901(1) testimony of a witness with knowledge; the probative value is not outweighed by the danger of confusion** |
|---|---|---|---|---|
| 15. PL000408-PL000422 | USPS Reasonable Accommodation in the U.S. Postal Service Dated September 2003 | | Not authentic, FRE 901. Defendant will provide a better applicable copy. | **Defendant has a 2008 version under Rog #7 Plaintiff agrees to Defendant's version to cure completeness. In the event the defendant still challenges authentic then the Plaintiff plans to cure via FRE 901(1) testimony of a witness with knowledge.** |
| 16. PL000473-PL000475 | Sharon Johnson's 2013 Tax Return | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **The exhibit is relevant to the claims of damages, such as lost wages and overtime; the probative value is not outweighed by the danger of confusion.** |
| 17. PL000478-PL000479 | Sharon Johnson's 2014 Tax Return | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger | **The exhibit is relevant to the claims of damages, such as lost wages and** |

| | | | | |
|---|---|---|---|---|
| | | | of confusion under FRE 403. | **overtime; the probative value is not outweighed by the danger of confusion.** |
| 18. PL000499-PL000500 | Sharon Johnson's 2015 Tax Return | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **The exhibit is relevant to the claims of damages, such as lost wages and overtime; the probative value is not outweighed by the danger of confusion.** |
| 19. PL000507-PL000508 | Sharon Johnson's 2016 Tax Return | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **The exhibit is relevant to the claims of damages, such as lost wages and overtime; the probative value is not outweighed by the danger of confusion.** |
| 20. PL000511-PL000539 | Grand Prairie Services-Dr. John O'Leary's Notes Dated 4.29.2011-12.15.2014 | | Objection as to records that predate May 15, 2013:; Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion.** |
| 21. PL000540-PL000566; | Dr. Gandhi Office Notes | | Objection as to records that predate May 15, | **FRE 803(4); Statements made** |

| | | | | |
|---|---|---|---|---|
| PL000884;<br>PL000909<br>PL000912<br>PL000920 | Dated<br>3.28.2011-<br>12.5.2013 | | 2013: Not relevant,<br>FRE 401; any<br>probative value is<br>outweighed by danger<br>of confusion under<br>FRE 403. | **for Medical<br>Diagnosis or<br>Treatment FRE<br>803(3) Then-<br>Existing Mental,<br>Emotional or<br>Physical<br>Condition; FRE<br>803(6) Records of<br>a Regularly<br>Conducted<br>Activity; The<br>probative value<br>is not outweighed<br>by the danger of<br>confusion.** |
| 22. PL000734-<br>PL000735 | Affidavit of<br>Pamela<br>Murray-Perkins<br>Dated<br>10.9.2014 | | Objection: Hearsay,<br>FRE 801; any<br>probative value is<br>outweighed by danger<br>of confusion under<br>FRE 403. | **FRE 803 (1)<br>Present Sense<br>Impression; FRE<br>803(6)-records<br>regularly<br>conducted; FRE<br>803 (5) Recorded<br>Recollection;<br>It is relevant to<br>the claims in this<br>matter; The<br>probative value<br>is not outweighed<br>by danger of<br>confusion.<br>FRE 901(1)<br>testimony pf<br>witness with<br>knowledge.** |
| 23. PL000736-<br>PL000741 | Affidavit of<br>Linda Campbell | | Objection: Hearsay,<br>FRE 801; any<br>probative value is<br>outweighed by danger<br>of confusion under<br>FRE 403. | **FRE 803 (1)<br>Present Sense<br>Impression; FRE<br>803(6)-records<br>regularly<br>conducted; FRE<br>803 (5) Recorded<br>Recollection;<br>It is relevant to<br>the claims in this<br>matter; The** |

16

| | | | | |
|---|---|---|---|---|
| | | | | probative value is not outweighed by danger of confusion. **FRE 901(1) testimony pf witness with knowledge.** |
| 24. | Declaration of Linda Campbell Dated 9.12.2019 | | Objection: Hearsay, FRE 801; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803 (1) Present Sense Impression; FRE 803(6)-records regularly conducted; FRE 803 (5) Recorded Recollection; It is relevant to the claims in this matter; The probative value is not outweighed by danger of confusion. FRE 901(1) testimony pf witness with knowledge.** |
| 25. PL000861-000864 | Loomis Primary Charter School Correspondence Dated 6.2.2014 | | Objection: Hearsay, FRE 801; not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **Relevant to the Plaintiff's claims of damages and emotional distress; probative value is not outweighed by danger of confusion** |
| 26. PL000971-PL000973 | SJH Emergency Dept. Notes Dated 5.15.2013 | | Objection: ; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE** |

| | | | | 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion. |
|---|---|---|---|---|
| 27. PL000888 | Ingalls Memorial Hospital Dated 5.24.2013 | | Objection: any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion.** |
| 28. PL000974 | Ingalls Memorial Hospital Letter with Johnson's Start Date of Partial Hospitalization Program of 5.22.2013 | | Objection: any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion.** |

| 29. PL000962 | USPS Challenge of Claim Dated 2.9.2013 | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion.** |
|---|---|---|---|---|
| 30. PL000975-PL000979 | Johnson's FMLA Request Dated 3.8.2013 | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion.** |
| 31. Defs Rog #11 | USPS Employee Key Indicators Report | | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **This exhibit is relevant to the claims in this matter; the probative value is not outweighed by danger of confusion.** |
| 32. | Defendant's Answers and | | Objection: Not relevant, FRE 401; any | **This exhibit is relevant to the** |

19

|  | Objections to Plaintiff's First Set of Rog |  | probative value is outweighed by danger of confusion under FRE 403. | **claims in this matter; the probative value is not outweighed by danger of confusion.** |
|---|---|---|---|---|
| 33. PL000904-PL000907 | Johnson's Written Statement Re: Anxiety Attack on May 15, 2013 |  | Objection: Hearsay, FRE 801; not relevant, FRE 401; any probative value is outweighed by danger of confusion under FRE 403. | **FRE 803(1) Present Sense Impression; FRE 803(2) Excited Utterance; FRE 803(4); Statements made for Medical Diagnosis or Treatment FRE 803(3) Then-Existing Mental, Emotional or Physical Condition; FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion.** |

**Tab C**

## DEFENDANT'S EXHIBITS

| Exhibit No. | Date | Description | Objection | Objection Response |
|---|---|---|---|---|
| DX001 | September 9, 2013<br><br>PL 285 -287 | Emergency Placement in Off-Duty Status Letter | Objection: Hearsay, FRE 801; not relevant, FRE 401; any probative value is outweighed by danger of prejudice, confusion the issues, misleading the jury under FRE 403.<br><br>Not authentic, FRE 901. | FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion; authenticity will be cured through testimony and/or a better copy of the exhibit. |
| DX002 | June 2011<br><br>PL 330 - 354 | Workplace Violence Prevention and attachments. | Objection: Not relevant, FRE 401; any probative value is outweighed by danger of prejudice, confusion the issues, misleading the jury under FRE 403.<br><br>Not authentic, FRE 901. | FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion; authenticity will be cured through testimony and/or a better copy of the exhibit. |
| DX003 | August – December 2016<br><br>PL873 - 883 | Dept. of Labor, OWCP claim correspondence (withdraw if MIL on OWCP issue is granted) | Objection: Hearsay, FRE 801; not relevant, FRE 401; any probative value is outweighed by danger of prejudice, confusion the issues, misleading | FRE 803(6) Records of a Regularly Conducted Activity; The probative value is not outweighed by the danger of confusion; authenticity will |

| | | | the jury under FRE 403.<br><br>Not authentic, FRE 901. | be cured through testimony and/or a better copy of the exhibit. |
|---|---|---|---|---|

**Tab D**

**Plaintiff's Witness List:**

| Witness name/Address | Objection(s) | Will/May Call | Adverse |
|---|---|---|---|
| Sharon Johnson, Plaintiff, can be contacted through counsel | | Will | |
| Linda Campbell<br>Address Unknown | Objection: (1) relevance; (2) under Rule 403, the probative value of any testimony would be outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See defendant's motion In *Limine*. | Will | |
| Denise Hines<br>Address Unknown | Objection: (1) relevance; (2) under Rule 403, the probative value of any testimony would be outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. | Will | |
| Charles Bell<br>Address Unknown | Objection: (1) this witness was not disclosed in answers to pertinent interrogatories as an individual with relevant information, or identified in plaintiff's Amended Rule 26(a) disclosures; (2) relevance; (3) under Rule 403, the probative value of any testimony would be outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. | May | |
| Darrius Butts<br>Can be contacted through counsel | Objection: (1) Defendant objects to any testimony from this witness regarding statements or comments made to or from the plaintiff and any co-employees or supervisors as hearsay; (2) relevance; (3) under Rule 403, the probative value of any testimony would be outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See defendant's motion *In Limine* | Will | |

| | | | |
|---|---|---|---|
| Rondell Saddler<br>Address Unknown | | Will | Yes |
| Janice Hall<br>Address Unknown | | Will | Yes |
| Deandra Campbell<br>Address Unknown | | Will | Yes |
| Dr. Gandhi<br>Address Unknown | Objection: Defendant objects to any expert or opinion testimony from this witness beyond his treatment of the plaintiff on grounds that he was not properly identified as an expert or opinion witness in plaintiff's Rule 26(a)(2) disclosures. See defendant's motion *In Limine*. | Will | |
| Dr. O'Leary<br>Address Unknown | Objection: Defendant objects to any expert or opinion testimony from this witness beyond his treatment of the plaintiff on grounds that he was not properly identified as an expert or opinion witness in plaintiff's Rule 26(a)(2) disclosures. See defendant's motion *In Limine*. | Will | |
| Steven Johnson<br>Can be contacted through counsel | Objection: (1) relevance; (2) under Rule 403, the probative value of any testimony would be outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. | May | |

**Tab E**

**Defendant's Witness List**

| Witness name/Address | Objection(s) | Will/May Call | Adverse |
|---|---|---|---|
| Kenneth Brown<br>U.S. Postal Service | | Will | |
| Deandra Campbell<br>U.S. Postal Service | | Will | |
| Janice Hall<br>U.S. Postal Service | | Will | |
| Gladys Jolla<br>Former U.S. Postal Service | | May | |
| Michael O'Connor<br>U.S. Postal Service | | Will | |
| Rondell Saddler<br>U.S. Postal Service | | Will | |
| Barbara Singleton<br>U.S. Postal Service (or other<br>U.S. Postal Service human<br>resources specialist) | | May | |

**(See attached Jury Instructions/Verdict Form)**

**Tab I**

**Plaintiff's Proposed Voir Dire**

- **Background Questions to Juror**:

    1. Name, age, and city or town of residence?

    2. Marital status and number of children, if any?

    3. Current occupation (former if retired). Current (or former) occupation of your spouse or partner and any adult children.?

    4. Any military service, including branch, rank and approximate date of discharge. Level of education, and major areas of study, if any?

    5. Memberships in any groups or organizations?

    6. Hobbies and leisure-time activities?

    7. Favorite types of reading material, including newspapers and magazines you read and any book you are currently reading?

    8. Favorite types of television shows?

    9. Whether you regularly listen to talk radio, and if so, to which programs?

    10. Whether you regularly use the internet to visit sites other than e-mail or personal business, and if so, what types of sites you visit most often?

    11. Do any of you know any of the other persons on the jury panel?

    12. Do you know any of the parties from the defense side – including the attorneys and witnesses?  Do you know the Judge?

    13. Have you ever worked in a position where you were responsible for hiring, transfers, or disciplining employees?  If yes, please explain.

    14. Have you ever worked at the United States Postal Service?

    15. Do you have a disability that your employer is aware of?

27

16. If not, have you ever worked with an employee with a disability?

17. Have any of you, family members or close friends ever made a claim under Title VII, the Civil Rights Act, the Americans With Disabilities Act or any other antidiscrimination law?

18. Do you have a family member or close friend that works in a human resources or a similar position that involves the application of anti-discrimination laws?

19. Have you or any family member or close friend ever filed a lawsuit or grievance against your employer, supervisor, management, or another employee? If yes, please explain.

20. Have you or any family member or close friend ever been a defendant in a claim or lawsuit filed by an employee? If yes, please explain.

21. Do you believe that you or any of your close friends or family have been the victim of discrimination in the workplace because of their disability? If yes, please explain.

22. Prior experience with court proceedings:

   ▪ Have any of you ever been a party to a lawsuit? Describe circumstances.

   ▪ Have any of you ever been a witness in a lawsuit?

   ▪ How many of you have served previously on a jury? Please tell us in what court, when, what type of case, the outcome, and whether you were foreperson.

23. At the end of the case I will give you instructions on the law that will govern your deliberations. As a juror, you are required to follow those instructions, even if you

28

do not agree with them. Is there any one of you who would be unable or unwilling to follow the law given to you by the court?

24. Do any of you know of any reason whatsoever why you could not sit as a trial juror with absolute fairness and impartiality to all the parties in this case?

**Disability – Reasonable Accommodation and Discrimination, Harassment/Hostile Work Environment, and Emotional Distress**

25. Are you aware that mental and social disorders, such as anxiety and depression, are defined as disabilities under federal law?

26. Do you consider disorders that aren't physical (such as mental and social) as disabilities?

27. Have you or any close friends or family been submitted to an outpatient facility for mental rehabilitation?  If so, please explain the circumstances.

28. Have you ever worked with a disability at work before?  If so, were you still able to perform your job with accommodations?

29. If you have worked with a disability, have you ever requested an accommodation via the means of a transfer to a different department?

30. Have you ever worked closely with a person with a disability? What disability? Did you ever have any worries or concerns about working with this person?

31.  If you have worked with someone with a disability, did the employer make any changes to accommodate the person's disability? What changes?

32. If an employee with a disability requests a transfer with an included doctor's note, how many months do you think is reasonable for the employer to grant the transfer?

33. Do you consider having the police called on you and removing you from your place of work in front of other employees can cause emotional harm?

34. Do you consider a work environment where management discuss an employee's disabilities appropriate?

35. Do you think an employer can refuse to transfer a person with a disability to a different location because of what might happen to the person in the future?

36. Do you think it is possible that a person with a disability can do a job as well as or better than a nondisabled person?

37. Do you think a person can suffer serious emotional distress because they are discriminated against?

38. Do you think a person can suffer serious emotional distress even if they do not go to see a psychiatrist for treatment?

39. Do you think a person can have a disability even if it is not obvious when you see her or her?

40. Do you think a person can be entitled to monetary compensation (damages) based on their disability even if they have not been terminated and currently still hold a position with the company?

41. Do you think an employee would go through filing the charge of discrimination and hiring an attorney and going through the legal process, while still maintaining

their job, if she did not have a valid claim?

**Defendant's Proposed Additional Voir Dire**

1. The defendant, Louis DeJoy, Postmaster General, U.S. Postal Service, is represented by Kurt Lindland and Valerie Raedy. Do you know either Mr. Lindland or Ms. Raedy?

2. Are you acquainted with or do you know the plaintiff, Sharon Johnson, or her attorneys Chiquita Hall-Jackson and Masood Ali?

3. The parties anticipate calling the following witnesses during these proceedings:

Kenneth Brown

Deandra Campbell

Janice Hall

Gladys Jolla

Michael O'Connor

Rondell Saddler

Barbara Singleton

Linda Campbell

Denise Hines

Darrius Butts

Dr. Gandhi

Dr. O'Leary

Steven Johnson

Are you familiar with any of these people? How would that relationship affect your ability to render an impartial decision in this case?

4. If you have ever been a party in a lawsuit what was the outcome? What court?

What impressions did you form about our system of justice as a result of that experience?

5. Have you or a member of your immediate family ever been employed by any governmental agency (federal, state or local)? If so:

a. Which agency?

b. What was the position?

c. How did that employment end?

d. How would you describe the experience?

6. Are you currently seeking employment with a government or governmental agency (federal, state, or local)?

7. Have you or a close friend or family member ever had any experience with the U.S. Psotal Service? If so:

a. What was that experience?

b. How was that experience?

8. Have you or a close friend or family member ever been accused of discrimination? If so:

a. When?

b. What were the allegations?

c. How was the situation resolved?

9. Have you ever supervised people, either at work or as a volunteer? If so:

a. When?

b. Describe the context.

10. Have you ever worked in Human Resources? If so, when and in what position?

11. Have you or your close friends or family members ever filed any type of discrimination claim against your employer? If so, what was the basis for that person's claim and how was it resolved?

12. Have you ever complained about the way you were treated at work? If so:

a. What was the complaint?

b. How was it resolved?

13. Has any close friend or family member complained about the way he or she was treated at work? If so:

a. What was the complaint?

b. Did you think it was a fair complaint?

c. How was it resolved?

14. Have you or any close friends or family members claimed to be disabled? If so:

a. What is the nature of the claimed disability?

b. Have you or any close friends or family members ever received an accommodation from an employer due to the disability?

c. Have you or any close friends or family members ever been denied a request for an accommodation from an employer due to the disability?

15. Do you believe that you or they were treated unfairly as a result of a disability by an employer or school?

16. Have you ever been disciplined, suspended, or terminated from your employment because of something you did or did not do while employed? If so:

a. What did you do or not do that cause the termination?

34

b. Do you think you were treated fairly?

c. Is there anything about that situation that would affect your ability to impartially judge the facts in this case if you hear evidence that the plaintiff was suspended from her employment for threatening to kill her supervisor, or that her request to be transferred to a different supervisor was not immediately granted?

17. Have your or a close friend ever been threatened with death or bodily harm? If so, please describe the circumstances.

**Plaintiff's Proposed Disputed Questions**

25.      Are you aware that mental and social disorders, such as anxiety and depression, are defined as disabilities under federal law?

26.      Do you consider disorders that aren't physical (such as mental and social) as disabilities?

29.      If you have worked with a disability, have you ever requested an accommodation via the means of a transfer to a different department?

32.      If an employee with a disability requests a transfer with an included doctor's note, how many months do you think is reasonable for the employer to grant the transfer?

33.      Do you consider having the police called on you and removing you from your place of work in front of other employees can cause emotional harm?

34.    Do you consider a work environment where management discuss an employee's disabilities appropriate?

35.    Do you think an employer can refuse to transfer a person with a disability to a different location because of what might happen to the person in the future?

36.    Do you think it is possible that a person with a disability can do a job as well as or better than a nondisabled person?

37.    Do you think a person can suffer serious emotional distress because they are discriminated against?

38.    Do you think a person can suffer serious emotional distress even if they do not go to see a psychiatrist for treatment?

39.    Do you think a person can have a disability even if it is not obvious when you see her or her?

40.    Do you think a person can be entitled to monetary compensation (damages) based on their disability even if they have not been terminated and currently still hold a position with the company?

41.    Do you think an employee would go through filing the charge of discrimination and hiring an attorney and going through the legal process, while still maintaining their job, if she did not have a valid claim?

**Defendant's Proposed Disputed Questions**

16.c. Is there anything about that situation that would affect your ability to impartially judge the facts in this case if you hear evidence that the plaintiff was suspended from her employment for threatening to kill her supervisor, or that her request to be transferred to a different supervisor was not immediately granted?

17. Have your or a close friend ever been threatened with death or bodily harm? If so, please describe the circumstances.