UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 8878 |
| MEGAN J. BRENNAN, Postmaster General, United States Postal Service | ) ) Chief Judge Rebecca R. Pallmeyer ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Sharon Johnson, an employee of the United States Postal Service, alleges that her supervisors failed to accommodate her anxiety disorder for several months. Defendant Megan J. Brennan, the Postmaster General, moves to exclude any evidence of requests made by Plaintiff Sharon Johnson to transfer to another post office location. For the reasons explained below, Defendant's motion *in limine* [80] to exclude such evidence is denied.

**STATEMENT**

In March 2011, Plaintiff Johnson was diagnosed with anxiety and depressive disorder. *Johnson v. Brennan*, No. 17 C 8878, 2020 WL 1139253, at *2 (N.D. Ill. Mar. 9, 2020). Johnson alleges that Defendant Brennan discriminated against her on the basis of those disabilities in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq. *Id.* at *1. She specifically claims that her supervisors at the Lincoln Park post office failed to provide her with an accommodation as required under the law. *Id.* On March 9, 2020, this court denied Defendant's motion for summary judgment on that claim because Johnson presented evidence that Defendant failed to engage "reasonably in good faith" in the "interactive process" such that a jury "could return a verdict in favor of Johnson on her failure-to-accommodate claim." *Id.* at *7.

Defendant has moved *in limine* to exclude any evidence of Plaintiff's requests for a transfer. (Mot. *in limine* [80] at 1.) The motion is fully briefed. (Resp. [83] at 2; Reply [85] at 1.)

1

This court has "broad discretion" in deciding motions *in limine, Houlihan v. City of Chicago*, 871 F.3d 540, 553 (7th Cir. 2017) (citation omitted), and denies this one for the reasons explained here.

In asking the court to exclude the evidence, Defendant relies on what it deems "controlling Seventh Circuit precedent that requesting a transfer to get a new supervisor is not a *reasonable* request for accommodation." (Mot. *In Limine* at 2 ¶ 3.) Defendant principally cites *Weiler v. Household Fin. Corp.*, 101 F.3d 519 (7th Cir. 1996) for the proposition that Johnson's requested transfer to a new location is "not considered a *reasonable* accommodation request *as a matter of law*." (*Id.* at 4 ¶ 8.) This court does not read *Weiler*—or any other cases cited by Defendant—as establishing such a broad per se rule, however. The Seventh Circuit decided *Weiler* based on facts dissimilar to this case, and in affirming summary judgment in favor of the employer in that case, the court reached a conclusion far narrower than what Defendant suggests: "in order for an employer to be obligated to accommodate an employee by reassigning them to a different position, that accommodation must not impose an 'undue hardship' on the employer." *Weiler*, 101 F.3d at 526 (quoting *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996)).

In *Weiler*, the plaintiff developed anxiety and depression after an interaction with her supervisor. *Id.* at 522. Weiler sought a transfer to another supervisor, and her employer attempted to accommodate that request; the employer allowed Weiler time off work to attend therapy sessions, searched for similar positions elsewhere in the company, and offered interviews for available positions within Weiler's salary grade and under different supervision. *Id.* at 526. Ultimately, however, there were no similar positions available at the company, and Weiler refused to interview for alternative positions in her salary grade. *Id.* "Given how [the employer] extended itself for Weiler in these ways," the court stated, the employer "acted reasonably to accommodate Weiler . . . ." *Id.* The accommodation was sufficient because the ADA does not impose the hardship "of creating an entirely new position for [Weiler] and waiting indefinitely for her to return to work." *Id.* These facts do not align with the record in Plaintiff Johnson's case; most importantly,

there is no indication that Defendant attempted to reasonably accommodate Plaintiff's transfer requests in a timely manner. Notably, Defendant in this case did grant the requested transfer after some time, potentially defeating any argument that alternative positions were not available.

Defendant also cites to sections of *Weiler* that deal with the plaintiff's status as a "qualified individual" with a "disability" under the ADA. (*See, e.g.*, Reply at 4 (citing *Weiler*, 101 F.3d at 525).) The *Weiler* court's holdings in those sections cannot support Defendant's reasonable accommodation arguments. In denying Defendant's motion for summary judgment, this court noted that "[t]here is no dispute that Johnson 'was a qualified individual with a disability.'" *Johnson*, 2020 WL 1139253, at *6 (citations omitted). Defendant has acknowledged that Johnson was diagnosed as suffering from anxiety and depressive disorder in March 2011. (Def.'s 56.1 Statement [45] ¶ 3.) And the Postal Service has defended against this claim by arguing that it provided a reasonable accommodation—not that Plaintiff was not entitled to one. (Def.'s Memorandum in Support of Summary Judgment [44] at 4-6.) Defendant's pre-trial motion *in limine* is not an appropriate time to reopen that discussion.

Defendant also contends *Bradford v. City of Chicago*, 308 F. Supp. 2d 895, 899 (N.D. Ill. 2004) and the unreported disposition of *Bradford* on appeal, 121 F. App'x 137 (7th Cir. 2005), support the finding that a transfer is per se not a reasonable accommodation. In its lone paragraph dealing with reasonable accommodation, the district court stated that "the ADA does not require an employer to transfer an employee to avoid working with certain supervisors or co-workers." *Bradford*, 308 F. Supp. 2d at 899 (citations omitted). That is true. In certain cases, the employer may be able to find an alternative reasonable accommodation that is sufficient to meet the requirements of the ADA; an employer need only provide a "reasonable accommodation, not the accommodation [the employee] would prefer." *Yochim v. Carson*, 935 F.3d 586, 591 (7th Cir. 2019) (citation omitted). Thus, the ADA does not categorically require transferring an employee merely because the employee requests a transfer. But that statement is not equivalent to Defendant's assertion that a transfer is never a reasonable accommodation. And nothing from

3

the unreported appeal of *Bradford* changes this analysis. *See Mashni v. Bd. of Educ. of City of Chicago*, No. 15 C 10951, 2017 WL 3838039, at *16 n.20 (N.D. Ill. Sept. 1, 2017) (rejecting the argument that "*any* reassignment is unreasonable because [there is] no obligation to transfer [an employee] just because [s]he wishes to avoid interaction with h[er] supervisor").

Defendant's remaining discussion of reported caselaw is similarly unconvincing. Some of the cited cases deal with the plaintiff's status as a qualified individual with a disability, and not with the legal requirements of a reasonable accommodation. *See Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1062 (7th Cir. 2000) ("Standing alone, a personality conflict . . . is not enough to establish that the employee is disabled."); *Palmer v. Circuit Court of Cook Cty., Ill.*, 117 F.3d 351, 352 (7th Cir. 1997) ("Such a conflict is not disabling."). Another case deals with dissimilar facts. *See Scott v. Kaneland Cmty. Unit Sch. Dist. No. 302*, 898 F. Supp. 2d. 1001, 1008 (N.D. Ill. 2012) (holding that, for a non-disabled plaintiff "[i]n this case, [he] was not entitled to demand a new supervisor under the ADA"). Still other citations relate to arguments in Plaintiff's Response and Defendant's Reply on whether failure to engage in the interactive process alone can be a basis for liability. (*See* Resp. at 4-5; Reply at 4-8.) Those arguments presume that a transfer is not a reasonable accommodation as a matter of law—a presumption that, as explained earlier, the court rejects.

In denying Defendant's motion for summary judgment, the court found that "[t]he evidence in this case permits an inference that Defendant completely ignored multiple requests for an accommodation for approximately five months" and that such evidence was part of what "would permit a jury to conclude that Defendant failed to engage 'reasonably and in good faith' in the 'interactive process' concerning the accommodation." *Johnson*, 2020 WL 1139253, at *7 (citations omitted). Thus, evidence of Plaintiff's requests to transfer are highly relevant. And because the court declines to hold that a transfer is not a reasonable accommodation as a matter of law, such evidence is admissible.

**CONCLUSION**

Defendant's motion *in limine* [80] to exclude evidence of Plaintiff's transfer requests is denied.

ENTER:

Date: September 7, 2021

_____
REBECCA R. PALLMEYER
United States District Judge